IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON STELL, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 3:25-cv-40 |
| CARRINGTON MORTGAGE SERVICES, LLC. | § § § | |
| *Defendant.* | § § | |

## NOTICE OF REMOVAL

Defendant Carrington Mortgage Services LLC ("Carrington") files this Notice of Removal pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

## I.
## INTRODUCTION

1. On January 28, 2025, Jason Stell ("Plaintiff") filed its Original Petition and Application for Injunctive Relief, and Request for Disclosures (the "Petition") in the 149th District Court of Brazoria County, Texas under Cause No. 132616-CV.[1]

2. In the Petition, Plaintiff asserts claims against Defendant for declaratory judgment, breach of contract, alleged violations of the Texas Property Code Section 51, promissory estoppel, and intentional infliction of emotional distress claiming Carrington failed to send all necessary pre-foreclosure notices to Plaintiff before posting the property located at 1867 Garnet Breeze Drive, Rosharon Texas 77583 (the "Property) for foreclosure. Plaintiff further seeks injunctive relief preventing foreclosure of the Property and attorneys' fees.

---

[1] **Exhibit A**.

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Carrington are attached hereto and marked as **Exhibit A**.

## II.
## TIMELINESS OF REMOVAL

4.     This suit was filed on February 28, 2025, and Carrington has not been served. This Notice of Removal is therefore timely.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.     This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the Plaintiff and Carrington are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

*A.     Complete Diversity Exists.*

6.     Upon information and belief, Plaintiff is a citizen of Texas.[2]

7.     Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members.[3] Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person. The

---

[2] Petition at ¶ 2.
[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

natural person is a citizen of Tennessee. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are citizens of Tennessee and Wyoming.[4] Accordingly, Carrington Mortgage Services, LLC is a citizen of Delaware, Tennessee, and Wyoming.[5]

8.  Because Plaintiff, upon information and belief, is a citizen of Texas, and the Carrington is not a citizen of Texas, complete diversity of the Parties exists.

B.  **The Amount in Controversy Exceeds $75,000.00.**

9.  In the Petition, Plaintiff seeks injunctive relief to enjoin Carrington from foreclosing on the Property.[6] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[7] When the object of the litigation is the protection of an entire property, the fair market value of the property is the proper measure of the amount in controversy.[8] Here, the value of the Property is at least $299,350.[9] Therefore, based on the value of the injunctive relief sought by Plaintiff, the amount in controversy exceeds $75,000.00 and removal is proper.

---

[4] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[5] The citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] **Exhibit A**, Petition at ¶¶ 59-67.
[7] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[8] *Id.*
[9] *See* Brazoria County Appraisal District Summary, attached as **Exhibit B**. It is appropriate for the Court to take judicial notice of the Brazoria County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source—the Brazoria County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Snyker*, 631 F.3d 777, 783 (5th Cir. 2011).

## IV.
## VENUE

10. Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. § 1441(a) because Brazoria County, Texas is located within this District and cases arising from Brazoria County, Texas are properly assigned to the Southern District of Texas.[10]

## V.
## ADDITIONAL REQUIREMENTS

11. Plaintiff did not demand a jury trial in its Petition.

12. Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Brazoria County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441 and 1332, Defendant Carrington Mortgage Services, LLC give notice that Cause No. 132616-CV, now pending in the District Court of Brazoria County, Texas, has been removed to this Court.

Respectfully submitted,

**Bradley**

By: */s/ Melissa Gutierrez Alonso*
**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
**JESSIE MANZEWITSCH**
Texas Bar. No. 24125659
Federal Bar No. 3737794
jmanzewitsch@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES LLC***

---

[10] 28 U.S.C. § 124(b)(1).

## CERTIFICATE OF SERVICE

  I certify that on this 12th day of February 2025, I electronically filed the foregoing with the Clerk of Court. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

***Via E-mail:* clay@viltlaw.com**
Robert C. Vilt
Vilt Law, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
***Attorney for Plaintiff***

        */s/ Melissa Gutierrez Alonso*
        Melissa Gutierrez Alonso