**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **JASON STELL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-cv-00040** |
| | § | |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC.** | § | |
| | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

   Jessie R. Manzewitsch on behalf of Defendant Carrington Mortgage Services, LLC and Robert C. Vilt, on behalf of Plaintiff Jason Stell participated on a Rule 26(f) meeting held on June 3, 2025 through phone call.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   None.

3. **Briefly describe what this case is about.**

   This is a contested foreclosure matter. Plaintiff alleges he was affected by Hurricane Beryl, and therefore applied for mortgage assistance with Carrington Mortgage Services, LLC ("Carrington"). Plaintiff alleges he never received a response to his mortgage assistance application, but instead received a Notice of Substitute Trustee's Sale. Plaintiff further alleges Carrington not only "invited" him to apply for loss mitigation but promised to grant him a loan modification.

   Moreover, Plaintiff alleges Carrington never served Plaintiff with a Notice of Default as required by the Deed of Trust and Texas Property Code. Plaintiff now asserts claims for breach of contract, promissory estoppel, and alleged violations of the Texas Property code. Plaintiff further seeks injunctive relief to stop any future foreclosure sale.

   Carrington denies Plaintiff's allegations, and specifically denies any promise or obligation to grant Plaintiff a loan modification. Carrington contends it properly served all pre-

foreclosure notices. Plaintiff's contract claim is barred by his prior material breach of the contract in question. Chapter 51 of the Texas Property Code does not provide for a private right of action, and, in any event, Defendant sent all proper foreclosure notices. Plaintiff cannot maintain a promissory estoppel claim because the parties' relationship is governed by a valid contract. Moreover, any claims arising from an alleged promise to provide a loan modification are further barred by the statute of frauds.

4. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   N/A

5. **Federal jurisdiction.**

   a. **Specify the allegation of federal jurisdiction.**

      This matter has been removed based upon diversity jurisdiction.

   b. **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

      None.

   c. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

      Plaintiff is a citizen of Texas.

      Carrington Mortgage Services, LLC is a Delaware limited liability company. Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC, and whose limited partners are CIP Intermediate, LLC, a Delaware limited liability company and Carrington Holding Company, LLC. Carrington Holding Company, LLC is the sole member of CIP Intermediate, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person who is a citizen of Tennessee. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are citizens of Tennessee and Wyoming. Accordingly, Carrington Mortgage Services, LLC is a citizen of Delaware, Tennessee, and Wyoming.

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class action or collective action issues.**

   None.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

   The parties have exchanged the requisite information and documents pursuant to the initial discovery protocol for residential mortgage cases.

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    Agreed.

11. **Describe the proposed discovery plan, including:**

    a. **Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

       The parties anticipate conducting discovery regarding Plaintiff's compliance with the terms of the Note and Deed of Trust, the terms of previous loss mitigations offers extended, each loss mitigation application submitted by Plaintiff.

       The parties anticipate discovery should be completed on or before November 29, 2025, not conducted in phases, and with no limitations other than those provided by the Federal Rules of Civil Procedure.

    b. **Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

       None.

**12. Experts**

    **a. Are experts needed on issues other than attorneys' fees?**

    The parties do not anticipate experts other than for attorney's fees.

    **b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    **c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

    Should the parties determine experts are necessary, the party with the burden of proof shall designate experts by September 1, 2025.

    **d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**

    Should the parties determine experts are necessary, the opposing party will be able to designate responsive experts by October 1, 2025.

**13. State the date discovery can reasonably be completed.**

The parties anticipate discovery shall be completed by November 29, 2025.

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The parties have initiated settlement discussions which remain ongoing at this time.

**17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

Defendant believes mediation is premature at this time. The parties have engaged in informal settlement negotiations in order to determine if early settlement is possible.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and nonjury Indicate the parties' joint position on a trial before Judge Edison.**

    The parties do not consent to trial before the Magistrate.

19. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

20. **Specify the number of hours it will likely take to present the evidence.**

    Both parties anticipate that the trial of this matter would take 1-2 days (8 to 12 hours).

21. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    None.

22. **List other pending motions.**

    None.

23. **List issues or matters, including discovery, that should be addressed at the conference.**

    None.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

    Defendant filed its Certificate of Interested Parties on February 25, 2025.

    Plaintiff filed its Certificate of Interested Parties on June 3, 2025.

Respectfully submitted,



By: */s/ Melissa Gutierrez Alonso*

**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
**JESSIE MANZEWITSCH**
Texas Bar. No. 24125659
Federal Bar No. 3737794
jmanzewitsch@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR CARRINGTON MORTGAGE
SERVICES LLC***

And

 /s/*Robert C. Vilt*
Robert C. Vilt
Vilt Law, PC
Texas Bar No. 00788586
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
Telephone:  713.840.7570
Facsmile:  713.877.1827
***clay@viltlaw.com; nicolas@viltlaw.com***

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of June 2025, I electronically filed the foregoing with the Clerk of Court. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via E-mail: clay@viltlaw.com*
Robert C. Vilt
Vilt Law, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
***Attorney for Plaintiff***

*/s/ Melissa Gutierrez Alonso*
Melissa Gutierrez Alonso