**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **JASON STELL** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:25-CV-00040** |
| | § | |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC** | § | |

### RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Jason Stell, Plaintiff, hereby files his Response to Defendant's Motion for Summary Judgment and respectfully shows the Court as follows:

### RELEVANT FACTS

1. The subject matter of this lawsuit is the real property and the improvements thereon located at 1867 Garnet Breeze Drive, Rosharon, Texas 77583 (the "Property").

2. Jason Stell ("Plaintiff") purchased the Property on or about October 29, 2014. During the process of purchasing the Property, Plaintiff executed a Promissory Note ("Note") in the amount of $183,571.00 as well as a Deed of Trust in which Guild Mortgage Company is listed as the Lender. A true and correct copy of the Note as well as the Deed of Trust is attached hereto as Exhibits "1" and "2" respectively and incorporated herein for all purposes.

3. The Note and Deed of Trust were subsequently transferred to J.P. Morgan Mortgage Acquisition Corp. for which Carrington Mortgage Services, LLC ("Carrington") acts as the loan servicer. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as Exhibit "3" and incorporated herein for all purposes.

Plaintiff's Response to Motion for Summary Judgment 1

4. Plaintiff entered into a Loan Modification Agreement with Carrington as the authorized agent of J.P. Morgan Mortgage Acquisition Corp on June 27, 2018 for a new principal balance of $174,873.91 with an interest rate of 4.3750%. A true and correct copy of the Loan Modification Agreement (Deed of Trust) is attached hereto as Exhibit "4" and incorporated herein for all purposes.

5. As Plaintiff's residence was enduring the disaster caused by the Hurricane Beryl, Carrington notified him by a correspondence dated July 16, 2024 that they would assist him with his mortgage loan by, among other things, granting him a mortgage loan forbearance through October 7, 2024 followed by a loan modification and encouraged Plaintiff to apply for mortgage assistance if he was experiencing financial difficulties due to the Presidentially Declared Major Disaster. A true and correct copy of the aforementioned correspondence is attached hereto as Exhibit "5" and incorporated herein for all purposes.

6. Much like many of his neighbors, Plaintiff was indeed facing financial difficulties due to the FEMA level disaster. Thus, following the instructions given to him by Carrington, Plaintiff accepted the mortgage loan forbearance and applied for mortgage assistance after the disaster declaration period expired. In fact, Plaintiff received a Home Liquidation Notification dated August 29, 2024 from Carrington confirming that the forbearance/loan modification process was proceeding as promised. A true and correct copy of the aforementioned correspondence is attached hereto as Exhibit "6" and incorporated herein for all purposes.

7. All was well until, instead of modifying Plaintiff's mortgage loan, Carrington pulled the rug out from under Plaintiff by sending him Notice of Substitute Trustee's Sale dated November 13, 2024 stating that his Property was posted for the February 4, 2025 sale. A true and

correct copy of the aforementioned correspondence is attached hereto as Exhibit "7" and incorporated herein for all purposes.

8. Accordingly, Plaintiff alleges that Defendant was about to wrongfully sell his Property at a foreclosure sale on February 4, 2025 in violation of the promises set forth in their correspondence dated July 16, 2024 and in breach of contract between the parties as reflected in the Affidavit of Jason Stell which is attached hereto as Exhibit "8" and incorporated herein for all purposes.

## PROCEDURAL HISTORY

9. On January 28, 2025, Jason Stell filed *Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosure*, Cause No. 132616-CV and styled *Jason Stell v. Carrington Mortgage Services, LLC* in the 149th Judicial District Court of Brazoria County, Texas (the "State Court Action"). This case was contesting the pending foreclosure sale of his Property by Defendant and alleging causes of action against Defendant for Declaratory Judgment, Breach of Contract, Violation of Texas Property Code Section 51, and Promissory Estoppel.

10. Defendant removed the State Court case to Federal Court on February 12, 2025. Defendant filed its Motion for Summary Judgment on September 26, 2025 to which Plaintiff responds at this time.

## FOCUS OF PLAINTIFF'S CLAIMS:

11. The focus of Plaintiff's claims rests firmly on Defendant's correspondence dated July 16, 2024 in which Carrington notified him that they would assist him with his mortgage loan by, among other things, granting him a mortgage loan forbearance through October

7, 2024 followed by a loan modification and encouraged Plaintiff to apply for mortgage assistance if he was experiencing financial difficulties due to the Presidentially Declared Major Disaster. It is undisputed that Plaintiff accepted the mortgage loan forbearance and applied for mortgage assistance after the disaster declaration period expired. It is likewise undisputed that Plaintiff received a Home Liquidation Notification dated August 29, 2025 from Carrington confirming that the forbearance/loan modification process was proceeding as promised. It is ultimately undisputed that Carrington pulled the rug out from under Plaintiff by sending him a Notice of Substitute Trustee's Sale stating that his Property was posted for the February 4, 2025 sale instead of modifying his existing mortgage loan in compliance with their promises and assurances.

## OVERVIEW OF PLAINTIFF'S CLAIMS:

### DECLARATORY JUDGMENT/
### VIOLATION OF TEXAS PROPERTY CODE SECTION 51:

12. Defendant provided adequate proof with its Motion for Summary Judgment that the requisite notices were sent to Plaintiff pursuant to Texas Property Code Section 51.002; therefore, Plaintiff hereby waives this cause of action.

### BREACH OF CONTRACT:

13. Defendant asserts that Plaintiff cannot maintain a claim for breach of contract because Plaintiff defaulted on his loan first. However, such an argument is misplaced since the contract which Plaintiff is referring to is the agreement to forbear collection activity on the Note and to subsequently modify the terms and conditions of his existing mortgage loan once the forbearance period had expired so long as Plaintiff accepted the mortgage loan forbearance and applied for mortgage assistance after the disaster declaration period expired –

Plaintiff did just that. It is importantly to note that both Texas state courts and federal courts in the Fifth Circuit have held that "a party's default under a contract will only excuse the other party's performance of the contract's terms that are dependent upon the promises that the defaulting party failed to perform." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239 at 244 (5th Cir. February 26, 2018) (citing *Hanks v. GAB Bus. Servs.*, 644 S.W.2d 707, 708 (Tex. 1982)); *Green Intern, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). A mortgage lender may have post-default contract obligations that create a cause of action despite the borrower's default. *See Gatling v. CitiMortgage, Inc.*, 2013 WL 1625126, at *6 (S.D. Tex. April 15, 2013); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W. 3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.). See *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10–cv1174–M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) holding "[it] is illogical for the Court to conclude that Plaintiff cannot enforce [the bank's] obligations, assumed to be contractual which arise after Plaintiff's default merely because Plaintiff is in default." As such, Plaintiff can maintain his breach of contract action even if he defaulted by missing a previous payment under the loan terms.

16. As is demonstrated herein, it is undisputed that the parties entered into an agreement in writing as reflected in the July 16, 2024 correspondence from Defendant to Plaintiff which agreement is ratified by the August 29, 2024 correspondence from Defendant to Plaintiff. Therefore, Plaintiff has proven that:

  A. There exists a valid, enforceable contract between Plaintiff and Defendant;

  B. Plaintiff has standing to sue for breach of contract;

  C. Plaintiff performed his contractual obligations pursuant to the agreement;

  D. Defendant breached the parties' agreement by not modifying Plaintiff's existing mortgage loan; and

  E. The breaches of contract by Defendant caused Plaintiff's injury – actual damages which include litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, and damage to Plaintiff's credit.

17. Accordingly, the Court should deny Defendant's Motion for Summary Judgment and ultimately rule in Plaintiff's favor on the merits of this case.

**PROMISSORY ESTOPPEL:**

18. Defendant asserts that Plaintiff cannot maintain a claim for promissory estoppel because the promise is covered by a valid, enforceable written agreement – Defendant is incorrect because Defendant is focused on the Note and Deed of Trust. To the contrary, the promise made is that Defendant promised to restructure the debt once the forbearance period has expired. There is no genuine issue of material fact that Defendant broke its promise to Plaintiff by failing to restructure his mortgage loan debt and instead posting his Property for foreclosure sale to occur on February 04, 2025.

19. As is demonstrated herein, it is undisputed that Defendant made as promise to Plaintiff as reflected in the July 16, 2024 correspondence from Defendant to Plaintiff which promise is ratified by the August 29, 2024 correspondence from Defendant to Plaintiff. Therefore, Plaintiff has proven that:

  A. Defendant made a promise to Plaintiff to grant him a mortgage loan forbearance through October 07, 2024 followed by a loan modification;

  B. Plaintiff reasonably and substantially relied on the promise to his detriment;

  C. Plaintiff's reliance was reasonably foreseeable by Defendant; and

  D. Injustice can be avoided by enforcing Defendant's promise – Defendant needs to modify Plaintiff's existing mortgage loan on mutually agreeable terms and conditions.

## STANDARD OF REVIEW

20. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c). When a party moves for summary judgment on a cause of action, he/she is entitled to summary judgment as a matter of law if he/she shows that there is no evidence of one or more essential elements of a claim on which the opposing party has the burden of proof. The Federal Rules of Civil Procedure places the initial burden on Defendant to challenge whether Plaintiff can produce any evidence of each essential element of their claim. If Defendant satisfies its burden, the obligation is then placed on Plaintiff to present evidence raising a genuine issue of material fact. When reviewing a Motion for Summary Judgment, a court must apply the same legal sufficiency standard used to review a directed verdict. Accordingly, all Plaintiff must produce is no more than a scintilla of probative evidence to raise a genuine issue of material fact.

21. Accordingly, the Court should deny Defendant's Motion for Summary Judgment and ultimately rule in Plaintiff's favor on the merits of this case.

**CONCLUSION**

22. All of the essential elements of Plaintiff's causes of action for Breach of Contract and Promissory Estoppel have been proven by Plaintiff's Summary Judgment evidence. As such, Defendant is unable to show that there is no genuine issue of material fact of a claim on which Plaintiff has a burden of proof so the Court should deny Defendant's motion for summary judgment and allow this case to proceed to a trial on the merits.

**PRAYER**

Plaintiff hereby requests that the Court DENY Defendant's Motion for Summary Judgment and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

    Respectfully submitted,

    VILT LAW, P.C.

    By: <u>*/s/ Robert C. Vilt*</u>
        ROBERT C. VILT
        Texas Bar Number 00788586
        Federal Bar Number 20296
    5177 Richmond Avenue, Suite 1142
    Houston, Texas 77056
    Telephone:    713.840.7570
    Facsimile:    713.877.1827
    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure via the court's electronic filing service on October 07, 2025.

Melissa Gutierrez Alonso
Jessie R. Manzewitsch Pulero
BRADLEY ARANT
600 Travis Street, Suite 5600
Houston, Texas  77002

   /s/ *Robert C. Vilt*
ROBERT C. VILT