IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON STELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-00040 |
| | § | |
| CARRINGTON MORTGAGE SERVICES, LLC. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT CARRINGTON MORTGAGE SERVICES LLC'S**
**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Carrington Mortgage Services LLC ("Carrington") files its Reply in Support of Motoin for Summary Judgment (Dkt. No. 13) and would respectfully show as follows:

**INTRODUCTION**

Plaintiff Jason Stell's ("Plaintiff") claims against Carrington fail because the very documents upon which he bases his claims contradict his allegations. Plaintiff contends Carrington promised to modify his loan in a July 16, 2024, Disaster Declaration Notice letter and ratified this promise in an August 29, 2024, Home Liquidation Notification. However, the documents say no such thing. The Disaster Declaration Notice advised Plaintiff that certain loss mitigation options *may* be available to Plaintiff but made no promise that any specific loss mitigation alternative would be extended. The Home Liquidation Notification advised Plaintiff he had been conditionally approved for a short sale or deed-in-lieu of foreclosure, not a loan modification or extended forbearance.

1

Importantly, Plaintiff did not accept Carrington's offer. Plaintiff has not set forth any facts or evidence showing Carrington promised to modify his loan or breached any promise made to him. Accordingly, Plaintiff's claims must be dismissed, and Carrington is entitled to summary judgment.

**A. Plaintiff's breach of contract claim fails because the notices sent to Plaintiff were not a contract and Carrington never promised Plaintiff a Loan Modification.**

Plaintiff's contention that Carrington breached some alleged contract to modify Plaintiff's loan contained in the July 16, 2024, Disaster Declaration Notice (the "Disaster Declaration Notice") is unfounded.[1] To succeed on his breach of contract claim, Plaintiff must bring forth evidence showing (1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff; (3) breach of the contract by the Carrington; and (4) damages sustained by the Plaintiff as a result of alleged breach. *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 243 (5th Cir. 2015).

First, the Disaster Declaration Notice is not an enforceable contract because it lacks consideration. *See James v. Wells Fargo Bank, N.A.*, 533 Fed. Appx. 444, 447 (5th Cir. 2013) ("[T]he plaintiffs' breach of contract claim fails as a matter of law because the parties' oral agreement to enter into loan modification proceedings never ripened into an enforceable contract due to plaintiffs' lack of consideration....").

More importantly, Plaintiff cannot show Carrington "breached" the terms of the Disaster Declaration Notice because the notice did not promise Plaintiff a loan

---

[1] Pl.'s Resp. to Def.'s Mot. for Summ. J. (Dkt. No. 17), at ¶ 13–16.

modification. The Disaster Declaration Notice advised Plaintiff of possible Loss Mitigation alternatives that *may* be available to him at the expiration of the declaration period on October 7, 2024.[2] However, the Carrington did not guarantee Plaintiff would receive a loan modification or even loss mitigation assistance.[3]

> If you are experiencing financial hardship related to the PDMD, please contact Carrington to discuss payment relief and loss mitigation options that may be available to you. This period may be extended based on guidance provided by FEMA, or State and Federal guidance. If an extension is granted, you will receive additional communication from Carrington advising you of the extension. Carrington offers various loss mitigation options including the following:
> - Forbearance Plan
> - Repayment Plan
> - Loan Modification and/or Payment Deferment

[4]

Likewise, the August 29, 2024, Home Liquidation Notification made no promises of a loan modification. Instead, the Home Liquidation Notification simply advised Plaintiff he was "*conditionally approved* for either a *short sale* or *deed-in-lieu of foreclosure*," without making any mention of a loan modification.[5]

> Carrington Mortgage Services, LLC ("CMS") recently received an application for mortgage assistance that was submitted by you or on your behalf. Upon further review we determined that you are conditionally approved for either a short sale or deed-in-lieu of foreclosure (herein referred to as "Home Liquidation").

[6]

In fact, the notice requested Plaintiff contact Carrington to accept the offer, but Plaintiff failed to do so effectively rejecting Carrington's offer.[7] Because Plaintiff is unable

---

[2] *Id*. At Ex. A-12 (07.16.2024 Disaster Declaration Notice) (Dkt. No. 13-13).
[3] *Id*.
[4] *Id*.
[5] *Id.* at Ex. A-13 (08.29.2024 Home Liquidation Notification) (Dkt. No. 13-14) (emphasis added).
[6] *Id*.
[7] *Id.* at Ex. A (T. Morley Dcl.) at ¶ 16 (Dkt. No. 13-1).

to show that a valid contract, or even a promise, to modify Plaintiff's loan existed, his breach of contract claim fails as a matter of fact and law and must be dismissed.

**B. Plaintiff's promissory estoppel claim fails because Plaintiff fails to show a genuine issue of material fact exists as to essential elements of his claim.**

Plaintiff's promissory estoppel claim likewise fails as a matter of fact and law because Carrington never promised Plaintiff a loan modification. The evidence referenced by Plaintiff, the Disaster Declaration Notice and the Home Liquidation Notification, do not evidence a promise —oral or in writing— to modify Plaintiff's loan.

Moreover, Plaintiff's failure to show how he supposedly relied on the alleged promise to modify the loan is fatal to his promissory estoppel claim. Plaintiff does not show, or even allege, facts showing he materially changed his position on reliance of Carrington's alleged promise to modify the loan. *Owens v. Specialized Loan Servicing, L.L.C.*, 694 F. App'x 950, 955 (5th Cir. 2017). Accordingly, Plaintiff falls short of his burden to show a that genuine issue of material fact exists as to his promissory estoppel claim, and Carrington's motion for summary judgment as to Plaintiff's promissory estoppel claim should be granted.

For these reasons, Carrington Mortgage Services LLC respectfully requests the Court GRANT its Motion for Summary Judgment (Dkt. No. 13), DISMISS WITH PREJUDICE the claims asserted by Plaintiff Jason Stell, and for such and further relief to which it may be justly entitled.

Respectfully submitted,

**Bradley**

By: */s/ Jessie R. Manzewitsch*
    **MELISSA GUTIERREZ ALONSO**
    Texas Bar No. 24087648
    Fed. I.D. No. 2255351
    mgutierrez@bradley.com
    **JESSIE R. MANZEWITSCH PULERO**
    Texas Bar. No. 24125659
    Federal Bar No. 3737794
    jmanzewitsch@bradley.com
    600 Travis Street, Suite 5600
    Houston, Texas 77002
    (713) 576-0300 Telephone
    (713) 576-0301 Telecopier
    ***ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES LLC***

## CERTIFICATE OF SERVICE

I certify that on this 24th day of October 2025, a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via E-mail:* clay@viltlaw.com
Robert C. Vilt
Vilt Law, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
*Attorney for Plaintiff*

/s/ *Jessie R. Manzewitsch Pulero*
**Jessie R. Manzewitsch Pulero**